IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| TRUE CHEMICAL SOLUTIONS, LLC, | § | |
| Plaintiff | § | |
| | § | |
| -vs- | § | Civil Action No. 7:18-CV-78 |
| | § | |
| PERFORMANCE CHEMICAL COMPANY, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

**TO THE HONORABLE COURT:**

### I.      Answer

NOW COMES Performance Chemical Company ("Defendant" or "Performance") and files its Answer to True Chemical Solutions, LLC's ("Plaintiff" or "True") First Amended Complaint, as follows:

1.01      Defendant denies the allegations contained in Paragraph 1.01 of Plaintiff's First Amended Complaint.

1.02      Defendant denies the allegations contained in Paragraph 1.02 of Plaintiff's First Amended Complaint.

2.01      Defendant admits the allegations contained in Paragraph 2.01 of Plaintiff's First Amended Complaint.

2.02      Defendant admits the allegations contained in Paragraph 2.02 of Plaintiff's First Amended Complaint.

3.01     Defendant admits that it is the assignee of U. S. Patent 9,834,452. Defendant denies all other allegations contained in Paragraph 3.01 of Plaintiff's First Amended Complaint.

3.02     Defendant admits the allegations contained in Paragraph 3.02 of Plaintiff's First Amended Complaint.

3.03     Defendant admits the allegations contained in Paragraph 3.03 of Plaintiff's First Amended Complaint.

4.01     Defendant admits the allegations contained in Paragraph 4.01 of Plaintiff's First Amended Complaint.

4.02     Defendant admits the allegations contained in Paragraph 4.02 of Plaintiff's First Amended Complaint.

4.03     Defendant denies so much contained in Paragraph 4.03 in which Plaintiff alleges that Defendant delivers chemicals to its customers "for their use in their oil and gas activities." Defendant admits the remaining allegations contained in Paragraph 4.03 of Plaintiff's First Amended Complaint.

4.04     Defendant denies the allegations contained in Paragraph 4.04 in that Defendant does not know what is meant by the undefined term "1st Trailer".

4.05     Defendant denies the allegations contained in Paragraph 4.05 of Plaintiff's First Amended Complaint.

4.06     Defendant denies so much of the allegations contained in Paragraph 4.06 of Plaintiff's First Amended Complaint in that any patent issued would not and is not defined as "U. S. 9,834,452".  Defendant admits the remaining allegations contained in Paragraph 4.06 of Plaintiff's First Amended Complaint.

4.07     Defendant denies the allegations contained in Paragraph 4.07 in that Defendant does not know what is meant by the undefined terms "2nd Trailer" and "1st Trailer".

4.08     Defendant denies the allegations contained in Paragraph 4.08 in that Defendant does not know what is meant by the undefined term "2nd Trailer".

4.09     Defendant denies the allegations contained in Paragraph 4.09 of Plaintiff's First Amended Complaint in that Defendant does not know what is meant by the undefined term "2nd Trailer".

4.10     Defendant denies the allegations contained in Paragraph 4.10 of Plaintiff's First Amended Complaint in that Defendant does not know what is meant by the undefined term "2nd Trailer".

4.11     Defendant denies the allegations contained in Paragraph 4.11 of Plaintiff's First Amended Complaint in that Defendant does not know what is meant by the undefined term "2nd Trailer".

4.12     Defendant denies the allegations contained in Paragraph 4.12 of Plaintiff's First Amended Complaint in that Defendant does not know what is meant by the undefined term "2nd Trailer".

4.13     Defendant denies the allegations contained in Paragraph 4.13 of Plaintiff's First Amended Complaint in that Defendant does not know what is meant by the undefined term "2nd Trailer".

4.14     Defendant denies the allegations contained in Paragraph 4.14 of Plaintiff's First Amended Complaint in that Defendant does not know what is meant by the undefined term "2nd Trailer".

4.15      Defendant denies the allegations contained in Paragraph 4.15 of Plaintiff's First Amended Complaint in that Defendant does not know what is meant by the undefined term "2nd Trailer".

4.16      Defendant denies the allegations contained in Paragraph 4.16 of Plaintiff's First Amended Complaint in that Defendant does not know what is meant by the undefined term "2nd Trailer".

4.17      Defendant denies the allegations contained in Paragraph 4.17 of Plaintiff's First Amended Complaint in that Defendant does not know what is meant by the undefined term "2nd Trailer".

4.18      Defendant denies the allegations contained in Paragraph 4.18 of Plaintiff's First Amended Complaint in that Defendant does not know what is meant by the undefined terms "1st Trailer" and "2nd Trailer". Defendant further denies that the "'452 Patent use[s]" any tangible object or device.

4.19      Defendant denies the allegations contained in Paragraph 4.19 of Plaintiff's First Amended Complaint in that Defendant does not know what is meant by the undefined terms "1st Trailer" and "2nd Trailer".

4.20      Defendant denies the allegations contained in Paragraph 4.20 of Plaintiff's First Amended Complaint in that Defendant does not know what is meant by the undefined terms "1st Trailer" and "2nd Trailer".

4.21      Defendant denies the allegations contained in Paragraph 4.21 of Plaintiff's First Amended Complaint in that Defendant does not know what is meant by the undefined terms "1st Trailer" and "2nd Trailer".

4.22     Defendant denies the allegations contained in Paragraph 4.22 of Plaintiff's First Amended Complaint in that Defendant does not know what is meant by the undefined terms "1st Trailer" and "2nd Trailer".

4.23     Defendant denies the allegations contained in Paragraph 4.23 of Plaintiff's First Amended Complaint in that Defendant does not know what is meant by the undefined terms "1st Trailer" and "2nd Trailer".

4.24     Defendant admits the allegations contained in Paragraph 4.24 of Plaintiff's First Amended Complaint.

4.25     Defendant denies the allegations contained in Paragraph 4.25 of Plaintiff's First Amended Complaint.

4.26     Defendant denies the allegation that "one or more of [Defendant's] trade secrets that [Plaintiff] misappropriated are disclosed in the '452 Patent" contained in Paragraph 4.26 of Plaintiff's First Amended Complaint.  Defendant admits the remaining allegations, if any, contained in Paragraph 4.26 of Plaintiff's First Amended Complaint.

4.27     Defendant denies the allegations contained in Paragraph 4.27 of Plaintiff's First Amended Complaint.

5.01     Defendant admits that a portion of its action against Plaintiff in the Texas state court suit was brought under Texas Uniform Trade Secrets Act.  Defendant also admits that its other allegations in that action also include breach of fiduciary duty, tortious interference with contract, tortious interference with prospective relations, business disparagement, conspiracy, and aiding and abetting and *respondeat superior.* Defendant denies all other allegations contained in Paragraph 5.01 of Plaintiff's First Amended Complaint.

5.02       Defendant denies the allegations contained in Paragraph 5.02 of Plaintiff's First Amended Complaint.

6.01       Defendant reasserts to admissions and denials to the preceding paragraphs in this Answer.

6.02       Defendant denies the allegations contained in Paragraph 6.02 of Plaintiff's First Amended Complaint.

6.03       Defendant admits the allegations contained in Paragraph 6.03 of Plaintiff's First Amended Complaint.

6.04       Defendant denies the allegations contained in Paragraph 6.04, including subparagraphs a. and b., of Plaintiff's First Amended Complaint.

6.05       Defendant denies the allegations contained in Paragraph 6.05 of Plaintiff's First Amended Complaint.

6.06       Defendant admits the allegations contained in Paragraph 6.06 of Plaintiff's First Amended Complaint **as it is written.**  *If* Plaintiff intended to assert that Defendant "does *not* infringe the '452 patent", then Defendant denies the allegations contained in Paragraph 6.06 of Plaintiff's First Amended Complaint as intended.

6.07       Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.07 of Plaintiff's First Amended Complaint.

7.01       Defendant reasserts to admissions and denials to the preceding paragraphs in this Answer.

7.02       Defendant denies the allegations contained in Paragraph 7.02 of Plaintiff's First Amended Complaint.

7.03     Defendant denies the allegations contained in Paragraph 7.03 of Plaintiff's First Amended Complaint.

7.04     Defendant denies the allegations contained in Paragraph 7.04 of Plaintiff's First Amended Complaint.

## II.     Counterclaim

8.01     This Court has jurisdiction over this action by virtue of 28 U.S.C. § 1338 and 28 U.S.C. § 1367.  Venue is proper due the domicile of Defendant/Counter-Plaintiff and Plaintiff/Counter-Defendant in this district and division under 28 U.S.C. §1991 and 28 U.S.C. §1400(b).

8.02     One or more individuals, while employed by Performance Chemical Company ("Defendant/Counter-Plaintiff"), formed True Chemical Solutions LLC ("Plaintiff/Counter-Defendant") during the first quarter of 2017 for the purpose of becoming a competitor of Defendant/Counter-Plaintiff.

8.03     As employees of Defendant/Counter-Plaintiff, these individuals had access to and gained confidential and proprietary information of Defendant/Counter-Plaintiff, including the details of the invention ("the Invention") that ripened into U.S. Patent 9,834,452 ("the '452 patent".)  At no time were these employees authorized or permitted to use this information for their own gain and to utilize it in their new venture as Plaintiff/Counter-Defendant.

8.04     Between January 27, 2017 and April 23, 2017, the employees who were part of the formation of Plaintiff/Counter-Defendant left the employment of Defendant/Counter-Plaintiff.     Plaintiff/Counter-Defendant began operations of

Plaintiff/Counter-Defendant on April 3, 2017 servicing at least three customers who had been long-standing customers of Defendant/Counter-Plaintiff.

8.05        On July 27, 2017, the inventors of the Invention filed an application for Letters Patent that had been assigned to Defendant/Counter-Plaintiff.  The '452 patent was issued on December 5, 2017 and remains a valid and enforceable patent.

8.06        Continuing from December 5, 2017 and thereafter, Plaintiff/Counter-Defendant has used in commerce within the United an apparatus that infringes the one independent and 11 dependent claims of the '452 patent literally under 35 U.S.C. §271(a), by operation of the doctrine of equivalents, or both.

8.07        As a result of such infringement, Defendant/Counter-Plaintiff has been damaged in an amount to be proven at trial, but not less than a reasonable royalty for the infringement of the '452 patent.

8.08        Unless restrained, Defendant/Counter-Plaintiff will be damaged by Plaintiff/Counter-Defendant's continued infringement of the '452 patent for which it has no adequate remedy at law.

8.09        As a result of Plaintiff/Counter-Defendant's infringement of the '452 patent, Defendant/Counter-Plaintiff has been required to engage attorneys to represent its interests and has been put to other expenses in order to defend its patent against infringement by Plaintiff/Counter-Defendant.  This is an exceptional case within the meaning of 35 U.S.C. § 285.

### III.    <u>Demand</u>

**WHEREFORE**, Defendant Performance Chemical Company demands a judgment:

9.01     That U. S. Patent 9,834,452 is valid and enforceable;

9.02     That Plaintiff/Counter-Defendant has infringed, induced infringement, and/or contributed to infringement of U. S. Patent 9,834,452;

9.03     That judgment be entered in favor of Defendant/Counter-Plaintiff in an amount to be determined by the trier of fact in an amount adequate to compensate for the infringement, but in no event less than a reasonable royalty for the infringement of the '452 patent by the Plaintiff/Counter-Defendant;

9.04     Awarding interest and costs as fixed by the Court;

9.05     Increasing the damages up to three times the amount of damages found or assessed pursuant to 35 U.S.C. §284;

9.06     A finding that this is an exceptional case under 35 U.S.C. § 285 and awarding reasonable attorney's fees;

9.07     Granting a temporary and permanent injunction against Plaintiff/Counter-Defendant prohibiting it from making, using, selling or offering for sale any device infringing U. S. Patent 9,834,452; and

9.08     Awarding such other and further relief as may be appropriate and just.


## IV.     Jury Demand

10.01     Defendant/Counter-Plaintiff hereby demands a trial by jury on all issues that may be tried to a jury as a matter of right.


Respectfully submitted,

LYNCH, CHAPPELL & ALSUP, PC
300 North Marienfeld Street, Suite 700
Midland, Texas 79701

432.683.3351
432.688.1390 (fax)


_/s/ Kenneth R. Matticks _____
Kenneth R. Matticks
Email: kmatticks@lcalawfirm.com
Texas State Bar No. 75004281

Randall L. Rouse
rrouse@lcalawfirm.com
Texas State Bar No. 17324300

Lisa Hooper
lhooper@lcalawfirm.com
Texas State Bar No. 24047282

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorneys of record:


James W. Essman
jessman@shaferfirm.com
Miles R. Nelson
mnelson@shaferfirm.com
SHAFER. DAVIS, O'LEARY & STOKER
P. O. Drawer 1552
Odessa, Texas 79760-1552

and

Jaison C. John
jjohn@wmalaw.com
WILLIAMS MORGAN P.C.
710 N. Post Oak Road, Suite 350
Houston, Texas 77024

Attorneys for Plaintiff/Counter-Defendants

_/s/ Kenneth R. Matticks_____
Kenneth R. Matticks