IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| TRUE CHEMICAL SOLUTIONS, LLC | § § | |
| Plaintiff/Counter-Defendant | § § | Civil Action No. 7:18-CV-78 |
| V. | § § | |
| PERFORMANCE CHEMICAL COMPANY | § | |
| Defendant/Counter-Plaintiff | | |

**PLAINTIFF'S/COUNTER-DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S/COUNTER-PLAINTIFF'S COUNTERCLAIM**

TO THE HONORABLE COURT:

Now comes Plaintiff/Counter-Defendant, True Chemical Solutions, LLC (hereinafter "True Chemical" or "Plaintiff") and files its Answer to Defendant/Counter-Plaintiff Performance Chemical Company's (hereinafter "PCC" or "Defendant") Counterclaims, as follows:

**I.
ANSWER**

8.01  To the extent Defendant intended to cite "28 U.S.C §1331," Plaintiff admits that this Court has jurisdiction over this action. Plaintiff denies that this Court has Jurisdiction over this action under "28 U.S.C. §1991." Plaintiff admits all other allegations contained in paragraph 8.01 of Defendant's Answer to First Amended Complaint and Counterclaim.

8.02  Plaintiff admits that True Chemical, LLC. was incorporated on March 27, 2017. Plaintiff denies all other allegations of paragraph 8.02 of Defendant's Answer to First Amended Complaint and Counterclaim.

8.03    Plaintiff denies Defendant's allegations of paragraph 8.03 of Defendant's Answer to First Amended Complaint and Counterclaim.

8.04    Plaintiff admits that some employees left the employment of Defendant/Counter-Plaintiff between January 27, 2017 and April 23, 2017.  Plaintiff denies all other allegations contained in paragraph 8.04 of Defendant's Answer to First Amended Complaint and Counterclaim.

8.05    Plaintiff admits that the face of the U.S. Patent no. 9,834,452 ("the '452 patent") patent indicates a filing date of July 27, 2017 and an issue date of December 5, 2017.  Plaintiff denies all other allegations of paragraph 8.05 of Defendant's Answer to First Amended Complaint and Counterclaim.

8.06    Plaintiff denies the allegations of paragraph 8.06 of Defendant's Answer to First Amended Complaint and Counterclaim.

8.07    Plaintiff denies the allegations of paragraph 8.07 of Defendant's Answer to First Amended Complaint and Counterclaim.

8.08    Plaintiff denies the allegations of paragraph 8.08 of Defendant's Answer to First Amended Complaint and Counterclaim.

8.09    Plaintiff admits that this is an exceptional case in that Defendant's actions have necessitated this action and that True Chemical should be awarded its reasonable costs, expenses and attorney's fees in this action.  Plaintiff denies all other allegations of paragraph 8.09 of Defendant's Answer to First Amended Complaint and Counterclaim.

## II.
## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

9.01   Plaintiff does not directly infringe and has not directly infringed either literally or under the doctrine of equivalents, and does not indirectly infringe and has not indirectly infringed, by contributing to infringement or inducing infringement of, any valid and enforceable claims of the '452 patent.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

10.01   Subject to continuing investigation and discovery, the claims of the '452 patent are invalid for failure to meet one or more of the requisite requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation §§101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

11.01   Each of Defendant's claims for relief fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE
### (Notice, Damages, And Costs)

12.01   Defendant's claims for damages, if any, against Plaintiff are statutorily limited by 35 U.S.C. §§287 and 288.

### FIFTH AFFIRMATIVE DEFENSE
### (Injunctive Relief)

13.01   Defendant is not entitled to injunctive relief at least because: (1) Defendant has not suffered nor will it suffer irreparable harm; (2) any harm to Defendant would be

outweighed by the harm to Plaintiff if an injunction were entered; (3) Defendant has an adequate remedy at law even if Plaintiff were to prevail in this action; and (4) public interest would not be served by an injunction.

### SIXTH AFFIRMATIVE DEFENSE
### (Breach And Conditions Precedent)

14.01 Plaintiff performed all obligations and conditions precedent for all prior agreements with Defendants at issue in this action, and Defendants claims regarding confidential and/or proprietary information are barred due to its own actions, breaches, and/or failure to perform conditions precedent.

### SEVENTH AFFIRMATIVE DEFENSE
### (Waiver And/Or Acquiescence)

15.01 Each of Defendant's claims is barred by the doctrines of waiver and/or acquiescence.

### EIGTH AFFIRMATIVE DEFENSE
### (Reservation Of Affirmative Defenses)

16.01 Plaintiff reserves all affirmative defenses Fed.R.Civ.P. 8(c), the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this action.

### NINTH AFFIRMATIVE DEFENSE
### (Estoppel)

17.01 By reason of prior art and/or statements and representations made to and by the U.S. Patent and Trademark Office during the prosecution of the applications that led to the issuance of the patents-in-suit, Defendant is estopped from asserting that the claims of the patents-in-suit can be construed as covering, either literally or under the doctrine of

equivalents, any products manufactured, used, imported, sold, or offered for sale by Plaintiff or methods used by Plaintiff.

## III.
## PRAYER FOR RELIEF

18.01   That Defendant's claims be dismissed in their entirety, and that Defendant take nothing by the way of its Counterclaims,

18.02   That Plaintiff does not infringe, induce infringement, or contribute to the infringement of U.S. Patent No. 9,834,452,

18.03   That each and every claim of U.S. Patent No. 9,834,452 is invalid,

18.04   That Defendant is not awarded injunctive relief,

18.05   That Defendant is not awarded any form of damages,

18.06   That this is an exceptional case and, as such, Plaintiff be awarded reasonable costs, expenses and attorney's fees in this action, and

18.07   That the Court award Plaintiff such other and further relief as the Court in its discretion deems appropriate.

## IV.
## JURY DEMAND

19.01   Plaintiff hereby demands a trial by jury on all issues triable to a jury as a matter of right.

>                       Respectfully submitted,
>
>                       SHAFER, DAVIS, O'LEARY & STOKER
>                       P.O. Drawer 1552
>                       Odessa, Texas  79760-1552
>                       (432) 332-0893
>                       (432) 333-5002 (fax)
>
>                         /s/ James W. Essman
>                       JAMES W. ESSMAN

State Bar No. 00788771
Email: jessman@shaferfirm.com

and

WILLIAMS MORGAN P.C.
Jaison C. John
State Bar No. 24002351
710 N. Post Oak Rd., Suite 350
Houston, TX 77024
(713) 934-4069
(713) 934-7011 (fax)
Email: jjohn@wmalaw.com

ATTORNEYS FOR PLAINTIFF,
TRUE CHEMICAL SOLUTIONS, LLC

**CERTIFICATE OF SERVICE**

This is to certify that True Chemical's Answer and Affirmative Defenses to PCC's Counterclaim has been served on all parties of record via electronic ECF filing notice, on the 7th day of June, 2018, to the following:

Kenneth R. Matticks
  kmatticks@lcalawfirm.com
Randall L. Rouse
  rrouse@lcalawfirm.com
Lisa Hooper
  lhopper@lcalawfirm.com
Lynch, Chappell & Alsup, PC
300 N. Marienfeld Street, Suite 700
Midland, TX 79701

  /s/ James W. Essman
JAMES W. ESSMAN