IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| **TRUE CHEMICAL SOLUTIONS, LLC,** *Plaintiff* § § § § | |
| | § **MO-18-CV-00078-ADA** |
| **-v-** § § | |
| **PERFORMANCE CHEMICAL COMPANY,** § § § | |
| *Defendant* § | |

## ORDER REGARDING LEAVE TO AMEND INFRINGEMENT CONTENTIONS

Before the Court is the Motion of Declaratory Judgment Defendant Performance Chemical Company ("PCC") for leave to amend their infringement contentions. The crux of the dispute is over whether should have amended its infringement contentions based on publicly available information. The reason that this is important is that PCC was unable to inspect the accused frac trailers in this case until January 16, 2020 because True Chem would not make its frac trailers available for an inspection that had been noticed three months earlier. The Court conducted a hearing on this issue and as a result, the inspection occurred.

PCC contends that as a result of this inspection, PCC first learned of the existence of additional frac trailers and evidence of networking equipment allowing for communication from the frac trailer to remote locations. The Parties skirmish over whether True Chem made all of its components available (for example computers and servers it uses during operation of the frac trailers.) The Court finds that even if True Chem is correct that some quantum of relevant information regarding True Chem's frac trailers was available publicly from device manuals as True Chem suggests, it was reasonable for PCC to rely not on the pump manuals that had been

produced but rather to seek and obtain a physical visual inspection to determine exactly how True Chem has assembled various components and operates the accused frac trailers.

All of the pleadings related to this Motion regale the Court in the shortcomings and deficiencies on the part of the opposing party with respect to complying with discovery requests and other assorted misdeeds to excuse whatever delay is sought to be allowed. This Court has repeatedly admonished counsel to raise any discovery squabbles with opposing counsel first and, failing resolution, to bring the issue to the attention of this Court so that the conflict can be resolved quickly and in a timely manner. Failing that, this Court is left to sort out who to believe with respect to whose conduct was more deficient and what the appropriate remedy should be. This Court declines to parse those facts in this case at this late point and finds that PCC has established that there is sufficient good cause to be allowed to amend it infringement contentions.

Based on the foregoing, the Court **GRANTS** PCC's Motion for Leave to Amend its Infringement Contentions.

**SIGNED** this 9th day of June, 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE