IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| TRUE CHEMICAL SOLUTIONS, LLC | § | |
| | § | |
| *Plaintiff/Counter-Defendant* | § | |
| | § | |
| | § | Civil Action No. 7:18-CV-78-ADA |
| *v.* | § | |
| | § | |
| PERFORMANCE CHEMICAL COMPANY | § | |
| | § | |
| *Defendant/Counter-Plaintiff* | § | |

## PERFORMANCE CHEMICAL COMPANY'S EMERGENCY MOTION TO TRANSFER VENUE TO THE WACO DIVISION

Defendant/Counter-Plaintiff Performance Chemical Company ("PCC") hereby files this emergency motion to transfer venue of this case to the Waco Division of the Western District of Texas.

## INTRODUCTION

The facts underlying this emergency motion to transfer venue are unique.  As of the date of this filing, the parties are ready to proceed to trial.  Discovery has been completed, the parties' exhibit and witness lists have been submitted, and all that remains is a trial setting.  However, during the pendency of this case, the COVID-19 pandemic has disrupted the scheduling of jury trials around the country, including in this case when True Chem obtained a continuance of trial based on its lead counsel's COVID-19 diagnosis.  This has resulted in an unusual set of circumstances that point to a transfer to the Waco Division as the best way of ensuring that the parties receive a prompt, and safe, jury trial.

COVID-19 rates in the Midland Division are higher than in Waco.  Further, this Court is well-equipped to perform a jury trial in the Waco courthouse, with significant protocols already implemented there to provide for social distancing and other safety measures.  With those protocols

in place, the Court has already held several in-person jury trials in the Waco courtroom, whereas a trial in a Midland courtroom would require starting over in a venue with a higher infection rate.

In addition, setting a trial date in the Midland Division will require the coordination of Judge Albright's schedule with that of the Judges in the Midland Division.  This will likely result in additional delay in obtaining a trial setting—as compared to a Waco trial, which could be held as soon as Judge Albright's calendar has an opening.  Further delay of the trial setting would be prejudicial to PCC, as it will allow True Chem to continue infringing PCC's patents during the period of delay.

Yesterday, the Federal Circuit upheld this Court's exercise of its discretion to consider these kinds of pandemic-related factors in transferring a case from the Austin Division of the Western District to the Waco Division.  *See In re: Intel Corporation*, Case No. 21-111, Dkt. 14 (Fed. Cir. Jan. 21, 2021).   The Federal Circuit held that "[a] district court generally has considerable discretion in deciding whether to transfer an action under § 1404(a) . . ."  *Id.* at 5. Here, the unique factors related to the COVID-19 pandemic, coupled with the traditional 1404(a) factors, strongly support transfer of this case to the Waco Division.

## FACTUAL BACKGROUND

True Chem initiated this lawsuit on April 27, 2018 by filing a Complaint in the Midland Division of the Western District of Texas, seeking a declaratory judgment of non-infringement and invalidity of PCC's '452 patent.  ECF No. 1.  PCC has counterclaimed for infringement, seeking damages and injunctive relief.  ECF No. 25.  Neither party disputes that venue is appropriate in the Western District of Texas.  ECF Nos. 1, 25.

On April 26, 2019, Judge Alan Albright was assigned to preside over this case due to his expertise in patent matters.  ECF No. 46.  Judge Albright's courtroom is located in the Waco Division of the Western District.  That courtroom has now been secured with significant safety

4827-0292-1945

protocols to allow for a safe, socially distant jury trial to take place. **Ex. A**, Transcript of 12/10/20 Hearing, at 78:24-81:16. Most courtroom proceedings to date have, in fact, taken place in Judge Albright's courtroom in Waco.

This case has been pending for almost three years. Discovery in this case has concluded, with the potential exception of a corporate representative deposition regarding documents produced by True Chem after the close of discovery. **Ex. B**, Amstutz Decl. ¶2. The parties have submitted their pretrial disclosures of witnesses and exhibits. ECF No. 230. All that remains is trial.

Unfortunately, trial in this case has had to be postponed multiple times, most recently due to a continuance necessitated by the COVID-19 diagnosis of True Chem's lead attorney. While PCC awaits trial, True Chem, its direct competitor, has been able to continue infringing its patents. Accordingly, further delay will cause significant prejudice to PCC.

## LEGAL STANDARD

A district court has discretion to transfer any civil action "to any other district or division where it might have been brought" for the "convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). This includes transfers among judicial districts. *Id.*; *see also In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

"It is well-settled that trial courts have even greater discretion in granting intra-district transfers than they do in the case of inter-district transfers." *VLSI Tech. LLC v. Intel Corp.*, No. 1:19-cv-00977-ADA, ECF No. 408, at 3 (W.D. Tex. Dec. 31, 2020) ("*Intel*") (citing to *Sundell v. Cisco Systems, Inc.*, 1997 WL 156824, at *1, 111 F.3d 892 (5th Cir. 1997)). In exercising this broad discretion, the trial court adjudicates motions to transfer "according to an 'individualized,

case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

The legal analysis for addressing a motion for intra-district transfer requires the Court to consider: "(1) whether the case could have been properly brought in the forum to which transfer is sought and (2) whether transfer would promote the interest of justice and/or convenience of the parties and witnesses."  *Intel* at 3-4.  The question of whether the case could have been properly brought in the forum is governed by the applicable venue statute.  *See In re: Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008).  The question of whether transfer would promote the interest of justice or convenience is governed by an established set of public and private interest factors, "none of which can be said to be of dispositive weight."  *Action Indus., Inc. v. US Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).

The private factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive."  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).  The public factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law."  *Id.*

In *Intel*, this Court considered the impact of the Covid pandemic on the traditional 1404(a) factors and concluded that a transfer to the Waco Division would promote the interests of justice and convenience.  *Intel* at 11.  In particular, the Court noted that, because the Austin courthouse could not hold jury trials, both private and public interests supported a transfer to the Waco

Division.  *Intel* at 8-9.  The Federal Circuit upheld this ruling, concluding that such a decision was not a clear abuse of discretion.  *In re: Intel Corporation*, Case No. 21-111, Dkt. 14 (Fed. Cir. Jan. 21, 2021).  These same considerations support transfer here.

**ARGUMENT**

This case could have been brought in the Waco Division.  Both PCC and True Chem are based in Midland, which is located within the Western District of Texas.  It is undisputed that venue is proper within the Western District, which includes the Waco Division.  *See* 28 U.S.C. §§ 1391, 1400(b); *see also In re: Volkswagen of America, Inc.*, 545 F.3d at 312.  Therefore the first step of the analysis supports transfer to the Waco Division.

The second step of the analysis, which goes to convenience and justice, also supports transfer given the unique procedural posture of the case and pandemic conditions.

> **A.      The private *Volkswagen* factors favor transfer to Waco.**

> > **1.      The "relative ease of access to sources of proof" factor favors Waco.**

Here, the parties have completed discovery and are on the eve of trial.  Documents have been produced and, with the exception of a possible corporate representative deposition arising out of documents belatedly produced by True Chem, no further discovery will be needed.  As of the date of this filing, trial had been set to begin in three days, but for the unfortunate COVID diagnosis of True Chem's counsel that led to a continuance.  In short, the parties already have all the evidence they need in order to try the case.

In addition, although PCC and True Chem are based out of Midland, PCC has operations around the State of Texas.  **Ex. C**, Fuller Decl. ¶7.  PCC's representatives prefer trial in Waco.  *Id.* ¶8.  On the other hand, True Chem's designated live witnesses are either employees of PCC, employees of True Chem, or they are located in Houston.  True Chem's Trial Witness List, Jt. Pretrial Ord. Ex. 11.1, ECF No. 230.

5

In a patent infringement case, the key witnesses are the experts. Here, none of the parties' expert witnesses are in Midland. PCC's experts, Joe Beaman and Scott Weingust, are from Austin and Chicago, respectively. **Ex. B**, Amstutz Decl. ¶3. True Chem's expert Patrick Steele lives in Houston. True Chem's Trial Witness List, Jt. Pretrial Ord. Ex. 11.1, ECF No. 230, at 3. Austin and Houston are, of course, significantly closer to Waco than to Midland. And traveling from Chicago to Waco is likely to be more convenient than from Chicago to Midland.

True Chem's lawyers are based out of Houston.[1] In fact, these lawyers have already admitted to the Court that trial in Waco would be more convenient for them than trial in Midland. **Ex. A**, 12/10/20 Hearing Transcript, at 79:8-11, 89:8-15.

This factor favors transfer to Waco.

### 2.    The "compulsory process" factor is neutral.

This factor is neutral as between Midland and Waco. To the extent True Chem wishes to subpoena any of PCC's current employees, PCC will not move to quash any such subpoena on the basis of the location of trial. The remaining witnesses True Chem intends to call live at trial are either employed by True Chem, and thus subject to its control, or are based out of Houston. Chem's Trial Witness List, ECF No. 230, Ex. 11.1.

### 3.    The "cost of attendance" factor favors Waco.

PCC and its witnesses prefer a trial in Waco, which will benefit PCC by affording it a faster trial setting in the safest courtroom environment. **Ex. C**, Fuller Decl. ¶ 8. True Chem may prefer trial in Midland but, at best, this simply neutralizes the desires of PCC and its witnesses. As to third parties, however, none are in Midland. Most are located in Houston, which is more convenient to Waco. The same is true of counsel, who are either from Austin or from Houston.

---

[1] *See* True Chem's Emergency Mot. to Cont. Trial, ECF No. 263, at 7-8 (signature block).

Additionally, hotels in Waco are less expensive than Midland hotels.  **Ex. B**, Amstutz Decl., ¶4,

**Ex. B-1**.

Finally, this Court has indicated that it is willing to allow witnesses with concerns about

travel or safety during the pandemic to testify by videoconference.  **Ex. A** at 87:19-88:14.  For all

these reasons, this factor favors transfer to Waco.

> **4.    The "all other practical problems" factor strongly favors transfer to Waco.**

The practical reasons to transfer this case to Waco are compelling.  First, Judge Albright's

courtroom is located within the Waco Division, making a trial in Waco more practical and efficient

for the Court and its staff.   Second, as the Court has advised the parties, it has undertaken

significant efforts to outfit its Waco courtroom in order to hold in-person jury trials in the safest

manner possible.  **Ex. A** at 78:24-81:16, 87:19-89:7.  In fact, the Court has held multiple jury trials,

safely, within the Waco courtroom. *Id.*  Third, the current COVID-19 outbreak is worse in Midland

than it is in Waco.  *See* https://dshs.texas.gov/coronavirus/AdditionalData.aspx.

Lastly, obtaining a trial setting in Midland would require balancing Judge Counts'

courtroom calendar with Judge Albright's courtroom calendar in order to find an available date

and courtroom in Midland.  This has the potential to result in a lengthy delay to the Court's ability

to set this matter for trial, causing significant prejudice to PCC.  The longer trial is delayed, the

longer PCC must wait before obtaining the injunction that it needs in order to stop True Chem

from infringing its patents, causing considerable prejudice to PCC.  *See Peleton Interactive, Inc.*

*v. Flywheel Sports, Inc.*, No. 2:18-cv-00390-RWS-RSP, 2020 WL 338124, at *3 (E.D. Tex. Jan.

21, 2020) (Payne, Mag. J.) (considering, in denying a motion for leave to amend invalidity

contentions, the prejudice that a delay of trial would cause to Peleton, which was seeking a

permanent injunction in a case between competitors).  This factor strongly favors transfer to Waco.

4827-0292-1945

B.   **The public *Volkswagen* factors also favor transfer.**

1.   **The "administrative difficulties flowing from court congestion" factor favors transfer to Waco.**

As this Court recently noted in *Intel*, its docket is extraordinarily full, with at least one trial per month scheduled "every month between now through 2022." *Intel I* at 9.  Holding trial in Midland will require the Court to find time to transfer all its staff to Midland, and only at a time when a courtroom happens to be available in Midland.  This will result in delay, and it will require implementation of new safety protocols in an unfamiliar courtroom.  As in *Intel*, this case should be "one of those 'rare and special circumstances' where 'a factor of "delay" or of "prejudice" might be relevant in deciding the propriety of transfer." *Intel* at 9 (quoting *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003)).

2.   **The "localized interest" factor is neutral given PCC's strong preference for trial in Waco.**

PCC and True Chem are based out of Midland.  However, PCC performs services across the State of Texas and in New Mexico and Louisiana.  **Ex. C**, Fuller Decl. ¶7.  True Chem's infringing trailers were manufactured in Midland, but not all the relevant conduct took place in Midland.  For example, two of the biggest customers True Chem was able to steal from PCC, Resolute Energy and Carrizo Oil and Gas (now Callum Petroleum), are based in Denver, Colorado and Houston, Texas, respectively.  **Ex. C**, Fuller Decl. ¶6.

Finally, although True Chem initiated this lawsuit, its declaratory judgment claims are really defensive in nature.  PCC is the true plaintiff, as it seeks to recover damages and injunctive relief from True Chem for patent infringement.  Therefore, to the extent deference should be given to the plaintiff's choice of forum, PCC is entitled to that deference, not True Chem.  And

8

regardless, "'the traditional deference given to plaintiff's choice of forum . . . is less' for 'intra-district transfers.'" *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013).

### 3.    The remaining public factors are neutral.

The remaining public factors, familiarity of the forum with the law and problems associated with conflicts, are neutral. The same Court will preside over this case, regardless of whether it is pending in the Midland Division or the Waco Division.

### CONCLUSION AND PRAYER

The circumstances of this motion are unique. This case is ready for trial, and delay will be prejudicial to PCC. Although the parties are based out of Midland, the third party witnesses are not and, in fact, Waco is more convenient for those witnesses. Most critically, transferring the case to the Waco Division will allow for a safer, speedier trial in light of the ongoing COVID-19 pandemic.

FOR THESE REASONS, PCC respectfully requests that the Court enter an order transferring this case from the Midland Division to the Waco Division.

Dated: January 22, 2021                      Respectfully Submitted,

Daniel Scardino
Texas State Bar No. 24033165
SCARDINO LLP
501 Congress Avenue, Suite 150
Austin, TX  78701
Tel.: (512) 443-1667
Fax: (512) 487-7606
daniel@scardinollp.com

Steve McConnico
Texas Bar No. 13450300
Paige Arnette Amstutz
Texas State Bar No. 00796136
Robyn Hargrove

4827-0292-1945

Texas State Bar No. 24031859
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
smcconnico@scottdoug.com
pamstutz@scottdoug.com
rhargrove@scottdoug.com

*Attorneys for Defendant/Counter-Plaintiff*
*Performance Chemical Company*

4827-0292-1945

## **CERTIFICATE OF CONFERENCE**

I hereby certify that, on January 22, 2021 at 2:16 PM, I emailed counsel for True Chem to ask if they opposed the relief sought in this emergency motion.  As of this filing, I have not received a response to my email.

Paige Arnette Amstutz

11

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on January 22, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Paige Arnette Amstutz

12

4827-0292-1945