**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| TRUE CHEMICAL SOLUTIONS, LLC, | § § | |
| *Plaintiff/Counter-Defendant* | § § § | Civil Action No. 7:18-CV-00078-ADA |
| v. | § § | |
| PERFORMANCE CHEMICAL COMPANY, | § § | **Jury Trial Demanded** |
| *Defendant/Counter-Plaintiff* | § § § § | |

**<u>PLAINTIFF'S RESPONSE IN OPPOSITION TO</u>**
**<u>DEFENDANT'S EMERGENCY MOTION TO TRANSFER VENUE</u>**
**<u>TO THE WACO DIVISION</u>**

1

## TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| II. | LEGAL STANDARD | | 1 |
| III. | ARGUMENT | | 2 |
| | A. | The private interest factors weigh against transfer. | 2 |
| | | 1. Ease of access to sources of proof heavily favors Midland. | 2 |
| | | 2. The availability of compulsory process favors Midland. | 4 |
| | | 3. Cost of attendance heavily favors Midland. | 5 |
| | | 4. PCC fails to identify any relevant "practical problems." | 7 |
| | B. | The public interest factors weigh heavily against transfer. | 8 |
| | | 1. Administrative difficulties from reassignment do not support transfer. | 8 |
| | | 2. The Midland community's localized interest heavily favors Midland. | 9 |
| | | 3. The remaining public interest factors do not support transfer. | 10 |
| IV. | CONCLUSION | | 10 |

This case involves frac trailers built and located here in Midland by two Midland-based companies with Midland-based documents and witnesses. Midland County was the venue where PCC first brought state law claims against True Chem, and the Midland-Odessa Division is where True Chem filed this action to resolve the federal patent claims that the state court could not decide.

Despite litigating this case to near-completion over the last three years right here in the Midland-Odessa Division, PCC now asks this Court to transfer this dispute 320 miles away to Waco, Texas. But this case has *nothing* to do with Waco. None of the witnesses are in Waco, none of the evidence is in Waco, and neither True Chem nor PCC have any business operations in Waco. Even more problematic, PCC relies on arguments that have no support in the controlling case law, including PCC's argument that transfer is more convenient *for PCC's lawyers* or that their newfound desire to move the case to Waco is, in itself, a relevant factor. However, § 1404(a) provides that "[f]or the convenience of the parties and witnesses" a case may be transferred if it is clearly more convenient. As detailed below, there is no basis in the law or in the equities for PCC's lawyers to impose their own interests or preferences over the convenience of two Midland-based companies and their Midland-based witnesses.

Given that this case has nothing to do with Waco and everything to do with Midland, the Court should deny PCC's motion to transfer.

**II.     LEGAL STANDARD**

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant carries a "heavy burden" to show that the proposed venue is clearly more convenient. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*). Under Fifth Circuit law, convenience turns on several public and private interest factors, none of which are dispositive. *Id.* at 315. These factors are

decided based on "the situation which existed when the suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) (citation omitted). A court may "consider undisputed facts outside the pleadings, but it must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party." *SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-cv-00525-ADA, 2020 WL 2494574, at *2 (W.D. Tex. May 14, 2020) (internal quotation marks and citation omitted).

### III.   ARGUMENT

#### A.   The private interest factors weigh against transfer.

##### 1.   Ease of access to sources of proof heavily favors Midland.

PCC's motion fails to identify a single source of proof that favors transfer to Waco. Instead, PCC primarily argues that the location of evidence is irrelevant to the transfer analysis because "the parties already have all the evidence they need in order to try the case" as a result of the last three years of discovery. Dkt. 268 at 5. But this argument is contrary to controlling law that "[t]he relevant time for any venue analysis is ***the time of filing***." *See eRoad Ltd. v. PerDiemCo LLC*, Case No. 6:19-cv-026, 2019 WL 10303654, at *6 (W.D. Tex. Sep. 19, 2019) (emphasis added); *see also Intellectual Ventures I LLC v. T-Mobile USA, Inc.*, Case No. 2:17-cv-577, 2018 WL 4175934, at *3 (E.D. Tex. Jun. 29, 2018) (holding that post-litigation activities should be "ignored" because "whether transfer is appropriate is determined at the time of filing"); *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) (declining to consider events after filing that would have affected judicial economy because later events "[were] not relevant to the venue inquiry").

Here, at the time of filing this suit, the relevant sources of proof were (and, indeed, still are) located here in Midland. Both True Chem and PCC and their documents are in Midland. This includes sales, marketing, and technical information concerning each side's respective frac trailers, as well as employment information. All seven accused frac trailers were built in Midland and have been located at True Chem's facility in Midland. In fact, PCC inspected these trailers in Midland and never complained that its investigation of the relevant sources of proof would have been easier

if the case were transferred. In short, PCC spent three years taking advantage of the convenience of litigating this case here in Midland, and only now—on the eve of trial—seeks to transfer the case for its own tactical purposes.

Recognizing that the "sources of proof" factor overwhelmingly favors Midland, PCC tries to manufacture an argument in favor of transfer by asserting that none of the parties' **lawyers** are in Midland and that transfer to Waco would better serve the interests of PCC's counsel.[1] Dkt. 268 at 6 (arguing that the parties' lawyers "are either from Austin or from Houston" and that "trial in Waco would be more convenient for them than trial in Midland"). PCC's argument is as inappropriate as it is legally erroneous. As lawyers, our obligations are to further our clients' interests, including their interests in conserving costs and avoiding inconvenience. Neither the transfer statute nor the case law permits a lawyer to supplant their client's interests with their own concerns or preferences. *See In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) (holding that the "location of counsel is irrelevant and improper for consideration in determining the question of transfer of venue").

Similarly, PCC's reliance on the location of expert witnesses is also misplaced. Although PCC argues that none of the parties' paid experts live in Midland, it is also true that **none** of the parties' paid experts live in Waco. More importantly, PCC's argument contradicts settled law that venue motions are determined as of the time of filing. As courts have recognized, expert witnesses "can be found anywhere in the country" and PCC voluntarily chose to hire experts not based in Midland **after** this case was filed. *See, e.g.*, *Humanscale Corp. v. Weber Knapp Co.*, 2008 WL 11445406, at *6 (E.D. Tex. Mar. 17, 2008). As a result, PCC cannot bootstrap that post-filing choice into an argument in favor of transfer, particularly given that the likely fact witnesses—as

---

[1] PCC's argument is not even correct. Both parties have engaged and employed local counsel located right here in the Midland-Odessa area to assist them in this case. *See* docket generally.

detailed below—are based in Midland.  *See id.* (holding that locations of experts did not support transfer).  Moreover, both the parties' lawyers and their experts are paid for their time, effort, and any alleged "inconvenience" posed by this lawsuit.  PCC has cited no caselaw that would put their interests above the interests of party and non-party witnesses, who are not so compensated.

Stripped of its improper and erroneous arguments, PCC's motion raises no facts to show Waco is clearly more convenient than Midland.  The fact that "PCC's representatives prefer trial in Waco" is irrelevant, especially because those same representatives (and PCC's headquarters and employees) are located in Midland.  As a result, this factor weighs exceedingly in favor of Midland.

**2.      The availability of compulsory process favors Midland.**

Transfer to Waco would also weaken the Court's subpoena power to ensure the attendance of at least four witnesses.  As a threshold matter, PCC does not evaluate this Court's subpoena power over any of the parties' witnesses.  Instead, PCC merely asserts that "[t]o the extent True Chem wishes to subpoena any of PCC's current employees, PCC will not move to quash" any such subpoena.  However, PCC cites no authority that suggests a court may consider a party's promise not to quash subpoenas in determining the "*availability* of compulsory process to secure the attendance of witnesses."  Additionally, PCC's promise that "PCC will not move to quash any such subpoena" has no binding effect if those witnesses leave PCC or otherwise decide that they do not want to attend trial and move to quash through their own counsel.  Indeed, regardless of whether PCC (or another attorney) moves to quash, the Court's subpoena power is still subject to the limits of Fed. R. Civ. P. 45(c)(1) if a person is not within 100 miles of the courthouse.

Compulsory process is therefore relevant for at least four of the likely witnesses who are subject to the Court's absolute subpoena power here in Midland—but not in Waco, which is more than 300 miles from Midland.  *See* Ex. A (named inventors of patents-in-suit in Midland) *and* Ex. B at 7:4-5; *see also* Fed. R. Civ. P. 45(c)(1)(B) (absolute statewide subpoena power limited to

party and party's officers).  Accordingly, this factor heavily favors Midland.

### 3. Cost of attendance heavily favors Midland.

Nine of the 11 likely witnesses who will attend trial are based in the Midland-Odessa area, which is over 300 miles—or over five hours by car—from Waco.  Burl Fuller, Jerry Fuller, Edy Redmond, Mark Clifton, Jose Marquez, Tyler Hinrichs, Travis Pitcock, and Kelly Gabriel are in the Midland-Odessa area.  *See* Ex. A; Ex. B at 7:4-5; Ex. C at 5:8-9; Ex. D at 5:10-11.  Similarly, Jeffrey McMahon lives in Iraan, Texas, which is 5-hours away from Waco (but only 1-hour away from Midland).  Ex. E at 5.  As a result, conducting a trial in Waco will force each of those witnesses to travel significant distances and stay overnight for one or more nights in hotels in the Waco area to break apart the 10-hour round trip.[2]  In addition, requiring Tyler Hinricks, Travis Pitcock, and Kelly Gabriel to spend several days in Waco would be detrimental to True Chem's business as they are essential to the day-to-day operations of the company.

PCC's motion makes no attempt to evaluate convenience for any of these witnesses. Instead, PCC submits a declaration from Mr. Fuller that he, his brother, and PCC's experts all *prefer* trial in Waco.  Dkt. 268-3 ¶ 8.c.  First, this "preference" is irrelevant to the transfer analysis, which is to be made as of the time of filing.  To hold otherwise would allow any party to manufacture a basis to transfer cases at will long after a case is filed.  Moreover, PCC does not address the preference of the remaining PCC witnesses, nor the relative inconvenience of traveling 300 miles to Waco.  The transfer statute speaks to the "convenience" of parties and witnesses—not their arbitrary preference in attending trial 300 miles from where they reside.

---

[2] Although courts may not consider post-filing events in the venue analysis under *Hoffman*, 363 U.S. at 343, True Chem notes that the pandemic would exacerbate the consequences of requiring nine witnesses to travel from Midland to Waco.  A transfer would have the unintended effect of reducing the witnesses' ability to isolate and socially distance. This would create unnecessary risks for the health and safety of not only the witnesses, but also the Waco community.

PCC's reliance on Mr. Fuller's declaration is also misguided because it ignores that the "plaintiff's selection of venue is entitled to deference"—not the defendant's desire to move the case. *eRoad Ltd.*, 2019 WL 10303654, at *4. As stated above, PCC had no problem litigating in Midland over the last three years precisely ***because*** it was convenient for all involved. True Chem did not arbitrarily file suit in Midland, and in fact, PCC is headquartered here. As a result, True Chem's choice to file suit where both parties are based is entitled to deference.

Similarly, for the reasons explained above, PCC cannot carry its burden on this factor by relying on the costs of attendance for PCC's attorneys and experts. In addition to not being relevant to the transfer analysis, none of the parties' attorneys or experts are located in Waco. Even if PCC's declaration discussing hotel costs were afforded any weight, the purported difference in hotel costs between Midland and Waco is negligible and ignores that ***many more rooms will be required*** if the case is transferred to Waco, where none of the witnesses reside. As a result, even under PCC's own argument, hotel costs will be far more expensive if this case is transferred.

Lastly, PCC's half-hearted suggestion that the parties could appear via teleconference is pure gamesmanship. Notably, PCC is not proposing that both sides confine their cases and testimony to teleconference, and it is clear that PCC desires to call its own witnesses live, even if it is more inconvenient for those witnesses. As a result, what PCC is really trying to do is to use the transfer statute to gain a tactical advantage—to force True Chem to choose between a more expensive and more inconvenient trial setting or, alternatively, to be restricted to the technical and practical limitations of remote video testimony. Such gamesmanship is not supported by the transfer statute. Given that this case has nothing to do with Waco, transfer is not warranted under the law and PCC's attempt to invoke videoconferencing as an alleged solution is irrelevant. Accordingly, this factor weighs heavily against transfer.

### 4. PCC fails to identify any relevant "practical problems."

Under Federal Circuit and Supreme Court law, the practical reasons identified by PCC for this factor are irrelevant because they reflect events that arose long after True Chem filed this lawsuit. *See EMC*, 501 Fed. Appx. at 973 (citing *Hoffman*, 363 U.S. at 343). Here, this case was filed on April 27, 2018 in the Midland-Odessa Division and was assigned to Judge Counts. A year later, this case was reassigned to this Honorable Court. As a result, PCC's attempt to invoke the physical location of this Court as a "practical problem" is inconsistent with the transfer analysis and the original posture of the case before Judge Counts. In effect, PCC is trying to bootstrap the administrative reassignment of this case into a justification under the law for transferring the case to an entirely new District. But PCC cites no law to support this argument. Respectfully, True Chem submits that the Court should reject PCC's argument and its suggestion that the Court should weigh its own convenience ahead of the convenience of the party and non-party witnesses.

PCC also fails to identify a reason why trial in Midland, as opposed to Waco, would pose greater risks to the health and safety of trial participants. The Midland-Odessa Division has tried cases since August 20, 2020 using extensive safety protocols. *See* Ex. F *and* Ex. G. Furthermore, given that virtually all of the fact witnesses live in Midland, the extensive travel and overnight stays that would be required by a transfer pose an unnecessary risk to those individuals and the general public. The current CDC guidelines state that people should continue to isolate, socially distance, and avoid unnecessary travel. Each of the Midland-based witnesses can better observe these guidelines if the trial is local, where they can remain safely at home and only participate in the trial when called to do so. In contrast, none of the parties' witnesses are located in Waco, and a trial in Waco would thus require every single witness—including all fact and all expert witnesses—to travel and unnecessarily submit to one or more overnight stays in a Waco hotel.

Finally, PCC's concern about a delayed trial is simply misplaced. This case has been

pending for over three years in the Midland-Odessa Division, and PCC has never raised any complaint about the time to trial or the possibility of a delay. Instead, PCC has ironically and inexplicably delayed any such complaint until the eve of trial. As a result, it is illogical for PCC to now complain about delay when trial is imminent.

For the above reasons, PCC cannot show that the "practical problems" factor warrants transfer. Unlike in the *Intel* case that PCC relies upon, trial in Midland is not unworkable. In contrast, a transfer to Waco would raise a host of problems, including unnecessarily risking the public health of the Waco community, unnecessarily increasing the likelihood that witnesses could become ill and unavailable to testify, and unnecessarily complicating trial logistics. On this last point, True Chem notes that both parties engaged local counsel *in Midland* to help them prepare for trial *in Midland*. Transferring the case to Waco as the case is nearing its end risks making the parties' preparation for trial more difficult. As a result, this factor weighs heavily against transfer.

**B.     The public interest factors weigh heavily against transfer.**

**1.     Administrative difficulties from reassignment do not support transfer.**

As highlighted above, PCC makes the unprecedented argument that the administrative reassignment of this case to this Court now warrants *transferring* the case under the law. True Chem readily appreciates that the Court's familiarity with patent litigation is an asset to the parties and to this dispute. But PCC now asks the Court to take an unsupported leap by using that administrative reassignment to bootstrap transfer under § 1404(a). PCC cites no case—and True Chem is unaware of any—that permits PCC to make such an end run around the transfer statute. This case was filed in Midland, where both parties and their witnesses are based. The case remained pending in Midland for over 1,000 days without objection. As a result, True Chem respectfully submits that the Court should reject PCC's suggestion to weigh its own convenience ahead of the convenience of the Midland-based party and non-party witnesses.

Similarly, PCC's reliance on *Intel* is misplaced. Unlike the Austin courthouse at issue in the *Intel* case, the Midland-Odessa Division has continued to hold trials during the pandemic. *See* 2020 WL 8254867, at *4 (W.D. Tex. Dec. 31, 2020). Nor does this case involve revisiting a transfer order and transferring a case back to the original district, like in *Intel* and *Cragar*. *See Intel*, 2020 WL 8254867, at *3 (citing *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) (permitting retransfer when the original goals of transferring have been thwarted)). As a result, the Federal Circuit's reasoning in *Intel* does not apply here and there are no administrative difficulties that would warrant transferring the case to Waco.

### 2. The Midland community's localized interest heavily favors Midland.

Both parties, their employees, the named inventors, the trailers at issue, and the employees who built those trailers are all here in Midland. Both companies perform frac services here in the Permian Basin—which includes the Midland-Odessa area, but not Waco—and the resolution of this case will directly impact the business operations of the parties here in Midland and the Permian Basin operations of their customers. This Court has repeatedly found a localized interest under similar facts. *VLSI Tech. LLC v. Intel Corp.*, No. 6:19-CV-00254-ADA, 2019 WL 8013949, at *5 (W.D. Tex. Oct. 7, 2019) (factor favored transfer where "patents-in-suit were all invented in Austin, primarily by residents of Austin, and at companies based in Austin"); *see also Antonio Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*, No. 1:14-CV-464-LY, 2014 WL 12479284, at *3 ("Defendants and their employees are local to the San Antonio area. The ultimate outcome of this suit likely affects local San Antonio interests more acutely than local Austin interests.").

In stark contrast, Waco has zero interest in resolving this dispute. Neither party has any operations in Waco and, to True Chem's knowledge, none of the parties' customers or their drilling sites are located in Waco. None of the parties' witnesses reside in Waco and neither the patents nor the accused trailers have any connection to Waco. Although PCC states that True Chem and

PCC operate outside Midland, it tellingly never identifies Waco as the location of any operation. PCC once again fails to meet its "heavy burden" to show that Waco is clearly more convenient.

Recognizing that Waco has no actual interest in resolving this dispute, PCC argues that this factor must be "neutral" because "PCC is the true plaintiff" and "deference should be given to the plaintiff's choice of forum." Dkt. 268 at 8. But PCC did not file this lawsuit—True Chem did—and the deference to a plaintiff's choice of forum goes hand-in-hand with the heavy burden on a motion for transfer. PCC cites no case holding that a patent owner in a patent dispute is entitled to deference, or that the "clearly more convenient" burden does not apply merely because the patent owner—as a litigation tactic—prefers to litigate in a different city that is indisputably *more inconvenient*. Second, PCC fails to explain why any deference should be given to its "choice of forum" when PCC willingly engaged in litigation in Midland for the last three years and never once suggested that the case should be transferred to Waco.

The fact that PCC now wants to transfer the case from Midland as a litigation tactic has nothing to do with the localized interests of Waco, and Waco has absolutely nothing to do with this case. When this case goes forward to trial, it should be residents of the Midland community, not Waco, who resolve this dispute. This factor overwhelmingly weighs against transfer.

### 3. The remaining public interest factors do not support transfer.

As PCC concedes, courts routinely treat the third and fourth public interest factors as neutral in patent cases. As a result, they do not support PCC's motion for transfer.

### IV. CONCLUSION

As detailed above, because this case is inextricably linked to the Midland-Odessa area, the Court should reject PCC's motion and the parties should proceed to trial in Midland.

| | |
|---|---|
| Dated: January 29, 2021 | Respectfully submitted, |

*/s/ Jaison C. John*_____
Jaison C. John
State Bar No. 24002351
jjohn@johnandmorganlaw.com
Terry D. Morgan
State Bar No. 14452430
tmorgan@johnandmorganlaw.com
JOHN & MORGAN, P.C.
6464 Savoy Dr., Suite 600
Houston, TX 77036
Telephone: (713) 934-4069
Facsimile: (713) 934-7011

Masood Anjom
Texas Bar No. 24055107
manjom@azalaw.com
Justin Chen
Texas Bar No. 24074024
jchen@azalaw.com
Louis Liao
Texas Bar No. 24109471
lliao@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI
    & MENSING P.C.
1221 McKinney Street, Suite 2500
Houston, TX 77010
Telephone: (713) 655-1101
Facsimile:  (713) 655-0062

James W. Essman
State Bar No. 00788771
jessman@shaferfirm.com
Miles R. Nelson
State Bar No. 14904750
mnelson@shaferfirm.com
SHAFER, DAVIS, O'LEARY & STOKER
700 North Grant, Ste. 201
P.O. Drawer 1552
Odessa, TX 79760-1552
Telephone: (432) 332-0893
Facsimile: (432) 333-5002

**ATTORNEYS FOR PLAINTIFF AND COUNTER DEFENDANT, TRUE CHEMICAL SOLUTIONS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically in compliance with Local Rules CV-5(b) on January 29, 2021. As such, this document was served on all counsel of record pursuant to Local Rules CV-5(b)(1) and the Federal Rules of Civil Procedure.

**Daniel Scardino**
Email: daniel@scardinollp.com

**Lisa K. Hooper**
Email: lhooper@lcalawfirm.com

**Paige Arnette Amstutz**
Email:  pamstutz@scottdoug.com

**Randall L. Rouse**
Email: rrouse@lcalawfirm.com

**Stephen E. McConnico**
Email: smcconnico@scottdoug.com

**Robyn Lynn Bigelow Hargrove**
Email: rhargrove@scottdoug.com

**Kenneth Matticks**
Email: kmatticks@lcalawfirm.com

/s/ Jaison C. John/
Jaison C. John