IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| TRUE CHEMICAL SOLUTIONS, LLC | § | |
| | § | |
| *Plaintiff/Counter-Defendant* | § | |
| | § | |
| | § | Civil Action No. 7:18-CV-78-ADA |
| *v.* | § | |
| | § | **JURY TRIAL DEMANDED** |
| PERFORMANCE CHEMICAL COMPANY | § | |
| | § | |
| *Defendant/Counter-Plaintiff* | § | |

**PERFORMANCE CHEMICAL COMPANY'S REPLY IN SUPPORT OF EMERGENCY
MOTION TO TRANSFER VENUE TO THE WACO DIVISION**

4824-5350-2683

## INTRODUCTION

True Chem asks this Court to ignore the pandemic, the unique circumstances of this case, and the prejudice PCC will face if it is denied a prompt, safe jury trial. Instead, True Chem wants the Court to consider only the state of the world as it existed in 2018, when this case was first filed. But the law does not require such a rigid and formulaic approach. As this Court recently held in *Intel*, factors affecting the Court's ability to timely and safely proceed to trial in this pandemic are appropriately considered in a section 1404(a) analysis.[1]

"'Wisely it has not been attempted to catalogue the circumstances which will justify or require grant or denial of transfer . . . the decision is left to the sound discretion of the court.'"[2] PCC respectfully requests that the Court exercise its discretion to transfer this case in the interests of convenience and justice.

## ARGUMENTS IN REPLY

### A.      Venue Law Does Not Mandate a Formulaic, Blinders-On, Analysis of Transfer.

True Chem maintains that the Court may only consider the state of the world when this case was filed. While the typical venue analysis considers the facts at the time suit was filed, venue law does not require courts to engage in a rigid, and fictional, analysis when unanticipated subsequent events like a pandemic require transfer in the interest of justice.[3]

---

[1] *VLSI Technology LLC v. Intel Corp.*, No. 1:19-cv-00977-ADA, Dkt. 78, at 5-11 (Dec. 31, 2020) ("*Intel*").

[2] 15 Wright & Miller, Fed. Prac. & Proc. Juris. § 3847 (4th ed. Oct. 2020) (quoting *Brown v. Woodring*, 174 F. Supp. 640, 644 (M.D. Penn. 1959)).   *See also In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) (the court's discretion is based "not on per se rules but rather on an 'individualized, case-by-case consideration of convenience and fairness.'").

[3] True Chem's cases do not require the Court to bury its head in the sand.   *Hoffman* does not address the convenience factors; it considers only where the action "might have been brought" under the language of the statute. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). True Chem's other cases reflect only the general approach, considering venue facts as of the date of filing in order to prevent manipulation of venue facts and to discourage courts from delaying rulings on transfer motions. *See In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) (discounting court's

In *Intel*, the Federal Circuit upheld this Court's conclusion that the pandemic's impact on the parties' ability to have a prompt trial was a change in circumstance substantiating retransfer.[4] This logic applies to situations like this one, where a party litigates in one venue and later moves to transfer due to unanticipated post-filing developments. In these circumstances, courts employ a practical analysis, considering recent events in assessing the section 1404(a) factors.[5]

This is not a case where a defendant has attempted to manipulate venue facts in order to forum shop.[6] This is a case in which the extraordinary and unanticipated arrival of a pandemic has disrupted litigation, caused delay of trial, and fundamentally changed the landscape of the venue analysis. In these unique circumstances, the Court may appropriately consider the current realities of the case.

---

knowledge of case gained while transfer motion pending); *ERoad Ltd. v. PerDiemCo LLC*, No. 6:19-cv-00026-ADA, 2019 WL 10303654, at *6-7 (W.D. Tex. Sept. 19, 2019) (manipulation); *Intellectual Ventures I LLC v. T-Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 4175934, at *3 (E.D. Tex. June 29, 2018) (same). These considerations are not relevant when unanticipated post-filing developments support transfer.

[4] *See In re: Intel Corp.*, No. 2021-111, 2021 WL 217377, at *2 (Fed. Cir. Jan. 21, 2021) (upholding this Court's conclusion that "unanticipated post-transfer events frustrated the original purpose for transfer" and justified a retransfer of venue shortly before trial).

[5] *See, e.g.*, *Schwilm v. Holbrook*, 661 F.2d 12, 16 (3d Cir. 1981) (holding that venue should have been transferred on a late-filed motion: "Until Holbrook moved to dismiss . . . plaintiff had no reason to seek a transfer"); *United Galvanizing, Inc. v. Imperial Zinc Corp.*, No. H-08-0551, 2010 WL 4393990, at *3 (S.D. Tex. Oct. 29, 2010) (considering the fact that several defendants were dropped from the case after filing); *Moto Photo, Inc. v. K.J. Broadhurst Enterprises, Inc.*, No. 301CV2282-L, 2003 WL 298799, at *3 (N.D. Tex. Feb. 20, 2003) (plaintiffs may move to transfer venue based on a showing of changed circumstances); *see also RPost Holdings, Inc. v. Strongmail Sys., Inc.*, No. 2:12-cv-515-JRG, 2013 WL 4495119, at *6 (E.D. Tex. Aug. 19, 2013) (analyzing transfer in light of the multiple defendants added after the transfer motion was filed because the transfer analysis "must remain rooted in the real world").

[6] Until recently, PCC and the Court understood there was an agreement to hold trial in Waco. On December 10, True Chem's counsel told the Court that, although they would confirm their position with their client, they agreed that trial in Waco would be preferable. **PCC Mot. Ex. A** at 79:8-11, 89:8-15. True Chem did not notify the Court of its changed position until January 6, the day after it filed its motion for continuance. **Ex. D** hereto, Scardino Decl., ¶16; **Ex. D-8**. PCC filed its Emergency Motion to Transfer Venue shortly after the Court granted the continuance.

**B.**     **The Public and Private Interest Factors Clearly Weigh in Favor of Transfer.**

True Chem does not dispute that suit could have been brought within the Waco Division. The first factor of the 1404(a) analysis is therefore met. As to the convenience and justice factors, PCC's motion is not based on the preference of its lawyers. It is based on a weighing of the overall convenience and best interests of the parties, the witnesses, and the Court. Most critically, transfer will avoid significant prejudice to PCC, which needs a timely trial in order to secure injunctive relief against its competitor, True Chem.

1.     <u>Sources of Proof</u>. True Chem's argument incorrectly assumes that the Court must engage in a fiction and pretend that discovery is not essentially complete, the trailers have not already been inspected, and the parties do not have electronic access to the relevant documents. But this is a flawed assumption in the context of an emergency motion that is filed due to unanticipated post-filing events.[7] In reality, discovery in this case is essentially complete. The only exception to this may be discovery related to documents recently produced by True Chem. **Ex. D** hereto, Declaration of Daniel Scardino, ¶¶2-4. This may entail a Zoom deposition of True Chem's corporate representative and discovery from recently discovered third parties with knowledge of True Chem's frac trailer automation. *Id.* These third parties are located in the Houston area. *Id.*

2.     <u>Compulsory Subpoena Power</u>. This factor relates to unwilling, third party witnesses. True Chem references the named inventors and Tyler Hinrichs. Mr. Hinrichs is a True Chem employee and therefore will appear if True Chem wishes it. **Ex. D** at ¶15. Of the named inventors, all but Jose Luna are current PCC employees. *Id.* ¶13. Mr. Luna now lives in Fort Worth, which is just over 100 miles from Waco but more than 300 miles from Midland. *Id.*, **Ex. D-7.**

---

[7] *See Intel* at 6-7.

3.      <u>Cost of Attendance</u>. The most important private interest factor is not the relative convenience of the parties and their employees—it is the convenience of non-party witnesses.[8] Further, in a technical patent case, it is appropriate to consider the convenience of the parties' experts, none of whom are located in Midland.[9]

True Chem ignores the fact that all but one of the non-party witnesses listed as "will call live" or "may call live" on the parties' Trial Witness Lists are farther from Midland than Waco. **Ex. D ¶¶**10-15; **Exs. D 1-7.**  Many of these witnesses are located in Houston; others are in Kerrville, Fort Worth, and other locations collectively closer to Waco than to Midland by thousands of miles. **Ex. D-7.** Therefore, the third party trial witnesses will have to travel significantly less distance—and likely avoid air travel and lengthy hotel stays—if trial takes place in Waco.

4.      <u>Other "Practical Problems."</u> True Chem does not dispute that Judge Albright's Waco courtroom has already been outfitted to promote safety, or that scheduling trial in Midland will cause delay. Instead, it complains about the parties' travel—an issue addressed in the other factors—and the fact that it has engaged local counsel. But True Chem has already argued, successfully, in support of its Motion for Continuance that its local counsel is not knowledgeable about this case. ECF No. 265 at 2. And True Chem's legal position on venue (otherwise) is that convenience of counsel is irrelevant.

---

[8] *STC.UNM v. Apple Inc.*, No. 6:19-cv-00428-ADA, 2020 WL 4559706, at *6 (W.D. Tex. April 1, 2020).

[9] *See Intellectual Ventures*, 2018 WL 4175934, at *5 ("[T]his Court has recently examined the propriety of considering expert witness convenience and found the general approach throughout the Fifth Circuit to afford even expert witnesses some weight."). True Chem's case does not hold that experts cannot be factored into the analysis. *See Humanscale Corp. v. Weber Knapp Co.*, No. 6:07-cv-411, 2008 WL 11445406, at *6-7 (E.D. Tex. March 17, 2008) (discounting the convenience of hypothetical experts *because they had not yet been retained*).

     5.     <u>Administrative Difficulties</u>. This is not an effort to "bootstrap" an administrative reassignment; it is a practical attempt to achieve a timely and safe jury trial in unique circumstances. PCC does not argue that transfer is proper every time a case is assigned to a judge in a different division. But given the pandemic and the changed circumstances of this case, transfer is proper. There can be no reasonable dispute that moving Judge Albright and his staff to Midland in the middle of a pandemic will impact the dockets of both the Waco and Midland Divisions. Most critically, this is a patent infringement case among competitors. The longer PCC's right to a jury trial is delayed, the longer before it will be able to obtain injunctive relief against True Chem. These circumstances weigh heavily in favor of transfer.[10]

     6.     <u>Localized Interest</u>. Any local interest Midland may have in this matter is outweighed by PCC's interest in achieving a timely jury trial. Further, this factor is afforded less weight in the context of an intra-district transfer. *See Intel* at 10-11 (granting transfer to Waco despite Austin's greater localized interest).

     WHEREFORE, PCC respectfully requests that the Court GRANT its Emergency Motion to Transfer Venue and enter an order transferring this case from the Midland Division to the Waco Division.

---

[10] *See Guardia Media Tech., Ltd. v. Mustek Sys., Inc.*, 440 F.Supp.2d 937, 939 (W.D. Wis. 2006) ("[T]he relative speed with which an action may be resolved is a potentially important consideration in patent cases particularly where a patent holder seeks to enjoin its competitors from using plaintiff's invention to gain a potentially irreversible advantage in the marketplace or where plaintiff seeks lost profit damages which are inherently difficult to prove.").

Dated: February 5, 2021

Respectfully Submitted,

*Paige L. Amstutz*

Daniel Scardino
Texas State Bar No. 24033165
SCARDINO LLP
501 Congress Avenue, Suite 150
Austin, TX 78701
Tel.: (512) 443-1667
Fax: (512) 487-7606
daniel@scardinollp.com

Steve McConnico
Texas Bar No. 13450300
Paige Arnette Amstutz
Texas State Bar No. 00796136
Robyn Hargrove
Texas State Bar No. 24031859
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
smcconnico@scottdoug.com
pamstutz@scottdoug.com
rhargrove@scottdoug.com

*Attorneys for Defendant/Counter-Plaintiff*
*Performance Chemical Company*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify

that, on February 5, 2021, all counsel of record who have appeared in this case are being served

with a copy of the foregoing via the Court's CM/ECF system.

*Paige L. Amstutz*

Paige Arnette Amstutz

4824-5350-2683

6