# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | | |
|---|---|---|
| TRUE CHEMICAL SOLUTIONS, LLC, | § | |
| | § | |
| *Plaintiff/Counter-Defendant* | § | |
| | § | Civil Action No. 7:18-CV-00078-ADA |
| v. | § | |
| | § | |
| PERFORMANCE CHEMICAL COMPANY, | § | |
| | § | **Jury Trial Demanded** |
| *Defendant/Counter-Plaintiff* | § | |
| | § | |
| | § | |
| | § | |

## PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO TRANSFER VENUE TO THE WACO DIVISION

As argued in True Chem's response brief, PCC has failed to meet its heightened burden of showing that transfer to Waco is clearly more convenient for the parties and the witnesses. Given that both True Chem and PCC are Midland-based companies with Midland-based employees, none of the transfer factors weigh in favor of relocating this case to Waco. Recognizing that its own motion fell far short of warranting transfer, PCC's reply brief seeks to shift its focus to two additional witnesses: Ben Walters and an unidentified representative of B&H Industrial Electrical Construction and Maintenance Inc. ("B&H"). However, as explained below, these two witnesses neither live in Waco nor are subject to any subpoena power in Waco, and transferring the case from Midland would be more inconvenient for B&H given that it is located in Kermit, Texas—which is a 1 hour drive outside of Midland but over 6 hours away from Waco. As a result, PCC still fails to justify transferring this case away from the parties and the bulk of the witnesses.

With respect to B&H, PCC's reply brief mistakenly suggests that B&H is located in Houston, Texas. However, as shown by B&H's invoices (which were produced to PCC), B&H is actually located in Kermit, Texas, which is a little over 1 hour to the west of Midland and over 6 hours away from Waco. Ex. 1. Inexplicably, PCC's reply brief points to the location of B&H's ***agent for service of process*** in Texas. ECF No. 271-2 at 2. Not only does PCC fail to explain how an agent for service of process has any knowledge relevant to this case, but a simple Google search shows that the address cited by PCC is for an "Advanced RV Resort"—***not*** to any facility owned or operated by B&H. As a result, transferring this case to Waco would make it more inconvenient for B&H's employees to testify at trial.

Similarly, PCC's reply brief also points to Ben Walters, who is located 170 miles away from Waco in Tomball, Texas. Although Mr. Walters is closer to Waco than Midland, he is not within a Waco court's subpoena power and he does not outweigh the multitude of party and non-party witnesses that are in the Midland-Odessa area.

1

Specifically, True Chem's response brief identified eight employees as witnesses in this case, all of whom live in the Midland-Odessa area. In addition, PCC's own witness list includes unidentified corporate representatives of PRRO Water, Integrity Industries, and PfP Industries. However, each of those companies have Midland-based employees with relevant knowledge. For example, PCC's own original witness list recognized that PRRO Water is based in Midland. ECF No. 271-6 at 4. Similarly, True Chem's contact at Integrity Industries is Matthew Sanchez, who also lives in Midland. Ex. 2. This is similarly true for PfP Industries, who leased yard space at its Midland-based facility to True Chem. PfP's facilities manager is Michael Herd, who is also a resident of Midland. Ex. 3. Similarly, PCC's own witness list includes Jeffrey McMahon, who lives in Iraan, Texas, which is one hour outside of Midland but over 5 hours away from Waco. Not only would transfer be more inconvenient for each of those witnesses, but the Waco court would lose subpoena power over all of those non-party witnesses and the majority of the parties' own employees.

In stark contrast, PCC's briefing has identified only five potential fact witnesses who are closer to Waco than to Midland. However, *none* of those witnesses live in Waco, and transferring this case to Waco would not grant the court absolute subpoena power over any of those fact witnesses. Given these facts, PCC cannot meet its burden of showing that transfer to Waco would be "clearly more convenient" for the parties and witnesses. Instead, if granted, PCC's motion would unnecessarily burden the parties' with higher travel and lodging costs and inexplicably weaken this Court's ability to subpoena witnesses.

True Chem sued PCC where both parties are headquartered, where both parties' employees live, and where both sides' frac trailers are located. This case has everything to do with Midland and absolutely nothing to do with Waco. Accordingly, the Court should reject PCC's belated attempt to transfer this case and, instead, allow trial to proceed in Midland.

| | |
|---|---|
| Dated: February 17, 2021 | Respectfully submitted, |

/s/ *Jaison C. John*
Jaison C. John
State Bar No. 24002351
jjohn@johnandmorganlaw.com
Terry D. Morgan
State Bar No. 14452430
tmorgan@johnandmorganlaw.com
JOHN & MORGAN, P.C.
6464 Savoy Dr., Suite 600
Houston, TX 77036
Telephone: (713) 934-4069
Facsimile: (713) 934-7011

Masood Anjom
Texas Bar No. 24055107
manjom@azalaw.com
Justin Chen
Texas Bar No. 24074024
jchen@azalaw.com
Louis Liao
Texas Bar No. 24109471
lliao@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI
   & MENSING P.C.
1221 McKinney Street, Suite 2500
Houston, TX 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

James W. Essman
State Bar No. 00788771
jessman@shaferfirm.com
Miles R. Nelson
State Bar No. 14904750
mnelson@shaferfirm.com
SHAFER, DAVIS, O'LEARY & STOKER
700 North Grant, Ste. 201
P.O. Drawer 1552
Odessa, TX 79760-1552
Telephone: (432) 332-0893
Facsimile: (432) 333-5002

**ATTORNEYS FOR PLAINTIFF AND COUNTER DEFENDANT, TRUE CHEMICAL SOLUTIONS, LLC**

## **CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically in compliance with Local Rules CV-5(b) on February 17, 2021. As such, this document was served on all counsel of record pursuant to Local Rules CV-5(b)(1) and the Federal Rules of Civil Procedure.

           */s/ Jaison C. John*
           Jaison C. John